**JURY TRIAL DEMANDED**

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES ENLOW, GARY TROLINGER, and DONALD DORAN, individually and on behalf of all others similarly situated** | | **PLAINTIFFS** |
| v. | **CASE NO. 4:19-cv-02767** | |
| **I-44 TRUCK CENTER & WRECKER SERVICE, LLC, PEACOCK MANAGEMENT COMPANY, LLC, MARK ROBBINS, and GAIL ROBBINS** | | **DEFENDANTS** |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1. This is an action for violations of the Fair Labor Standards Act. Defendants I-44 Truck Center & Wrecker Service, LLC, Peacock Management Company, LLC, Mark Robbins, and Gail Robbins (collectively, "I-44 Truck Center") operate a roadside service company with locations along I-44 in central and eastern Missouri, including locations in Rolla, Sullivan, Pacific, and St. Clair, Missouri. Plaintiffs worked for I-44 Truck Center at its Rolla location. Plaintiffs and putative class members were hourly-paid employees who worked in various capacities with the Company, including working in the office handling billing, sending employees on service calls, as well as performing various mechanic-related duties.

2. Regardless of the work they performed, Plaintiffs and the other employees of I-44 Truck Center were not paid overtime compensation at one-and-a-half-times their regular rate of pay for each hour worked over 40 each workweek. Plaintiffs bring this suit individually and on behalf of other hourly-paid employees of I-44 Truck Center to recover overtime compensation due under the Fair Labor Standards Act.

## II. Parties, Jurisdiction, and Venue

3. Plaintiff Donald Duran is a citizen of Phelps County, Missouri. Duran worked for I-44 Truck Center at its Rolla, Missouri location from approximately September 2014 until September 2018. During the past three years, Duran worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation at one-and-a-half times his regular rate of pay for each hour worked over 40 each workweek. Duran was an "employee" of I-44 Truck Center under the Fair Labor Standards Act ("FLSA") and entitled to the protections of the FLSA throughout his employment with I-44 Truck Center. 29 U.S.C. § 203(e). His consent to join this action is attached as Exhibit "A."

4. Plaintiff Charles Enlow is a citizen of Phelps County, Missouri. Enlow worked for I-44 Truck Center at its Rolla, Missouri location from approximately March 2018 until April 2019. During the past three years, Enlow has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation at one-and-a-half times his regular rate of pay for each hour worked over 40 each workweek. Enlow was an "employee" of I-44 Truck Center under the Fair Labor Standards Act ("FLSA")

and entitled to the protections of the FLSA throughout his employment with I-44 Truck Center. 29 U.S.C. § 203(e). His consent to join this action is attached as Exhibit "B."

5. Plaintiff Gary Trolinger is a citizen of Dent County, Missouri. Trolinger worked for I-44 Truck Center at its Rolla, Missouri location from approximately August 2018 until September 2018. During the past three years, Trolinger has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation at one-and-a-half times his regular rate of pay for each hour worked over 40 each workweek. Trolinger was an "employee" of I-44 Truck Center under the FLSA and entitled to the protections of the FLSA throughout his employment with I-44 Truck Center. 29 U.S.C. § 203(e). His consent to join this action is attached as Exhibit "C."

6. Defendant I-44 Truck Center & Wrecker Service, LLC is a domestic limited liability company. I-44 Truck Center & Wrecker Service, LLC was an "employer" of Plaintiffs and putative members of the collective under the FLSA. 29 U.S.C. § 203(d). I-44 Truck Center & Wrecker Service, LLC can be served through its registered agent Mark Robbins, 1535 Peacock Road, St. Clair, Missouri 63077.

7. Defendant Peacock Management Company, LLC is a domestic limited liability company. Peacock Management Company, LLC was an "employer" of Plaintiffs and putative members of the collective under the FLSA. 29 U.S.C. § 203(d). Peacock Management Company, LLC can be served through its registered agent Mark Robbins, 1535 Peacock Road, St. Clair, Missouri 63077.

8. Defendant Mark Robbins is the President of I-44 Truck Center & Wrecker Service, LLC. Mark Robbins was an "employer" of Plaintiffs and putative members of the

collective under the FLSA. 29 U.S.C. § 203(d). Upon information and belief, Mark Robbins resides at 1535 Peacock Road, St. Clair, Missouri 63077.

9. Defendant Gail Robbins is an owner of I-44 Truck Center & Wrecker Service, LLC. Gail Robbins was an "employer" of Plaintiffs and putative members of the collective under the FLSA. 29 U.S.C. § 203(d). Upon information and belief, Gail Robbins resides at 1535 Peacock Road, St. Clair, Missouri 63077.

10. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; and 28 U.S.C. § 1331.

11. Venue lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district. Specifically, throughout the relevant period, I-44 Truck Center maintained offices in this district and Plaintiffs and putative members of the collective regularly worked for I-44 Truck Center within this district.

### III. FACTS

12. Defendants I-44 Truck Center & Wrecker Service, LLC, Peacock Management Company, LLC, Mark Robbins, and Gail Robbins (collectively, "I-44 Truck Center") operate a 24/7 roadside service company with locations along I-44 in central and eastern Missouri, including locations in Rolla, Sullivan, Pacific, and St. Clair, Missouri.

13. Upon information and belief, Defendant I-44 Truck Center & Wrecker Service, LLC set company policies, hired and fired employees, enforced work rules, handled payroll, set schedules, maintained employee paperwork, determined the rate

and method by which employees were paid, supervised employees' work, and otherwise controlled the terms and conditions of Plaintiffs' and putative collective members' employment.

14. I-44 Truck Center & Wrecker Service, LLC was an "employer" of Plaintiffs and putative collective members under the FLSA. 29 U.S.C. § 203(d).

15. Upon information and belief, Defendant Peacock Management Company, LLC set company policies, hired and fired employees, enforced work rules, handled payroll, set schedules, maintained employee paperwork, determined the rate and method by which employees were paid, supervised employees' work, and otherwise controlled the terms and conditions of Plaintiffs' and putative collective members' employment. Upon information and belief, Peacock Management Company, LLC is a related entity to I-44 Truck Center & Wrecker Service, LLC and they operate jointly.

16. Peacock Management Company, LLC was an "employer" of Plaintiffs and putative class members under the FLSA. 29 U.S.C. § 203(d).

17. Defendant Mark Robbins is the President of I-44 Truck Center & Wrecker Service, LLC. Robbins set company policies, hired and fired employees, enforced work rules, handled payroll, set schedules, maintained employee paperwork, determined the rate and method by which employees were paid, supervised employees' work, and otherwise controlled the terms and conditions of Plaintiffs' and putative class members' employment.

18. Mark Robbins was an "employer" of Plaintiffs and putative collective members under the FLSA. 29 U.S.C. § 203(d).

19. Defendant Gail Robbins is an owner of I-44 Truck Center & Wrecker Service, LLC. Robbins set company policies, hired and fired employees, enforced work rules, handled payroll, set schedules, maintained employee paperwork, determined the rate and method by which employees were paid, supervised employees' work, and otherwise controlled the terms and conditions of Plaintiffs' and putative collective members' employment.

20. Gail Robbins was an "employer" of Plaintiffs and putative collective members under the FLSA. 29 U.S.C. § 203(d).

21. At all times relevant to the Complaint, I-44 Truck Center has been engaged in commerce and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)–(s).

22. At all times relevant to the Complaint, I-44 Truck Center has had an annual gross volume of sales made or business done of not less than $500,000.00, and, therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)–(s).

23. I-44 Truck Center provides various repair services to its customers' diesel-powered vehicles, including fully servicing trucks and trailers, preventative maintenance, engine repairs, oil changes, lubrications, electrical work, and other mechanic-related services.

24.     I-44 Truck Center also provides towing and recovery services for diesel engine vehicles. These services are provided 24 hours per day, 7 days per week.

25.     Plaintiffs worked for I-44 Truck Center at its Rolla, Missouri location.

26.     Plaintiff Charles Enlow worked for I-44 Truck Center from approximately March 2018 until April 2019. Enlow performed various tasks during his time at I-44 Truck Center, including preparing billing, sending employees on service calls, reviewing employees' time cards, and performing other work. Enlow was paid by the hour. His starting hourly rate was approximately $16 per hour, and his hourly rate was approximately $18 per hour when he stopped working for I-44 Truck Center.

27.     Plaintiff Gary Trolinger worked for I-44 Truck Center from approximately August 2018 until September 2018. Trolinger performed various tasks during his time at I-44 Truck Center, including working as a mechanic. Trolinger was paid by the hour. His hourly rate was approximately $13 per hour.

28.     Plaintiff Donald Doran worked for I-44 Truck Center from approximately September 2014 until September 2018. Doran performed various tasks during his time at I-44 Truck Center, including driving to the location of disabled commercia vehicles, loading the commercial vehicles onto a tow truck, and transporting the commercial vehicles back to I-44 Truck Center for repair. Doran was paid by the hour. His starting hourly rate was approximately $14 per hour. His hourly rate was increased to $16 per hour around May 2018 and stayed at that rate until he stopped working for I-44 Truck Center.

29. Plaintiffs, like the other hourly-paid employees of I-44 Truck Center, regularly worked over 40 hours per workweek but were not paid overtime compensation at one-and-a-half times their regular rate of pay for each hour worked over 40 each workweek.

30. For example, during the workweek from February 7, 2019 to February 13, 2019, Plaintiff Enlow worked a total of 75.50 hours. (*Feb. Pay Stub* [Ex. D]). Enlow was paid for 73.50 hours at his regular hourly rate of $18.00. (*Feb. Pay Stub* [Ex. D]). Despite working 35.50 hours of overtime that week, Enlow was only paid 2 hours in overtime compensation. (*Feb. Pay Stub* [Ex. D]).

31. Similarly, during the workweek beginning December 13, 2018, Enlow worked a total of 59.15 hours. (*Dec. Pay Stub* [Ex. E]). Enlow was paid for all 59.15 hours at his regular rate of $18.00. (*Dec. Pay Stub* [Ex. E]). Although Enlow worked 19.25 hours of overtime that week, he did not receive any overtime compensation for his overtime hours worked. (*Dec. Pay Stub* [Ex. E]).

32. These examples are not isolated instances. I-44 Truck Center regularly paid its hourly-paid employees straight-time wages for all hours worked rather than compensating those employees at one-and-a-half times their regular rate for each hour worked over 40 each workweek. This is true regardless of the job position in which the employee worked or where the employee worked.

33. Each Plaintiff and putative collective member worked more than 40 hours in at least one workweek during the past three years. I-44 Truck Center did not pay Plaintiffs and putative collective members an overtime premium of one-and-a-half times

their regular rate of pay for each hour worked over 40 each workweek. Plaintiffs and putative collective members are entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times their regular rate of pay.

34. I-44 Truck Center knew or should have known that Plaintiffs and those similarly situated were not paid overtime compensation of one-and-a-half times their regular rate of pay for each hour worked over 40 each workweek. I-44 Truck Center knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated the overtime compensation required by law.

### IV. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

36. Plaintiffs bring their FLSA collective action claims on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All hourly-paid employees of I-44 Truck Center who recorded working more than 40 hours in at least one workweek within the past three years.

37. Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

38. There are numerous similarly situated employees who worked for I-44 Truck Center who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Similarly situated employees are known to I-44 Truck Center and readily identifiable through payroll

records to I-44 Truck Center is required to keep. *See* 29 U.S.C. § 211(c); Mo. Rev. Stat. § 290.520.

39. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include:

   a. Which individuals and entities are considered "employers" of Plaintiffs and others similarly situated under the FLSA;

   b. Whether I-44 Truck Center satisfied its obligation to pay Plaintiffs and others similarly situated the overtime payments required by the FLSA;

   c. Whether I-44 Truck Center's actions were willful;

   d. Whether I-44 Truck Center complied with its recordkeeping obligations under the FLSA;

   e. Whether Plaintiffs and others similarly situated are entitled to liquidated damages; and

   f. Whether Plaintiffs and others similarly situated are entitled to attorneys' fees, costs, and expenses.

40. I-44 Truck Center acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

41. Plaintiffs' claims are typical of the claims of the FLSA Class in that Plaintiffs and others similarly situated were denied overtime compensation because of I-44 Truck Center's policies and practice. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the FLSA class.

42. Plaintiffs' and other similarly situated employees' damages should be able to be calculated mechanically based on records I-44 Truck Center are required to keep. 29 U.S.C. § 211(c); Mo. Rev. Stat. § 290.520. If I-44 Truck Center failed to keep records as required by law, Plaintiffs and others similarly situated will be entitled to damages based on the best available evidence, even if it is only estimates. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). I-44 Truck Center cannot benefit from its failure, if any, to maintain records required by law.

43. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

44. Plaintiffs will fairly and adequately protect the interests of the FLSA Class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate I-44 Truck Center's illegal practice of not paying its hourly-paid employees one-and-a-half times their regular rate of pay for each hour worked over 40 each workweek and to recover wages lost because of I-44 Truck Center's misconduct.

45. Plaintiffs' counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

46. Plaintiffs and the proposed FLSA Class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding I-44 Truck Center's pay practices.

47. I-44 Truck Center has engaged in a continuing violation of the FLSA.

48. Plaintiffs and all other similarly situated employees were denied overtime because of I-44 Truck Center's illegal practices. These violations were intended by I-44 Truck Center and were willfully done.

## V. CLAIM I:
### FLSA: FAILURE TO PAY OVERTIME
(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

49. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

50. At all times relevant to the Complaint, Plaintiffs and putative collective members were "employees" of I-44 Truck Center under the FLSA. 29 U.S.C. § 203(e).

51. At all times relevant to the Complaint, I-44 Truck Center was an "employer" of Plaintiffs and putative collective members under the FLSA. 29 U.S.C. § 203(d).

52. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek. 29 U.S.C. § 207(a)(1).

53. Plaintiffs and those similarly situated were not exempt from the overtime provisions of the FLSA.

54. Plaintiffs and similarly situated employees regularly worked in excess of 40 hours per workweek, but I-44 Truck Center did not pay them overtime compensation at one-and-a-half times their regular rate of pay for each hour worked over 40 each workweek.

55. I-44 Truck Center violated and continues to violate the FLSA by failing to pay Plaintiffs and those similarly situated overtime compensation for all hours worked in excess of 40 each week at one-and-a-half times their regular rate of pay.

56. When calculating Plaintiffs' and the other similarly situated employees' regular rate of pay, all allowable remuneration, including all non-discretionary bonuses, must be included in the calculation. *See* 29 C.F.R. § 778.211.

57. I-44 Truck Center knew or should have known that Plaintiffs and others similarly situated were entitled to overtime pay and knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated overtime compensation at one-and-a-half times their regular rate of pay for each hour worked over 40 each workweek, therefore these violations of the FLSA were knowing and willful.

58. I-44 Truck Center has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages *See* 29 U.S.C. § 216(b). Alternatively, should the Court find I-44 Truck Center acted in good faith in failing to pay its employees their overtime wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

59. Because of I-44 Truck Center's violations, Plaintiffs and others similarly situated are entitled to attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the collective of similarly situated individuals they seek to represent, respectfully request this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b. Appoint Holleman & Associates, P.A. as the collective's counsel;

c. Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

d. Enter a permanent injunction restraining and preventing I-44 Truck Center from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

e. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly situated employees are entitled;

f. Award Plaintiffs and all putative collective members compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from three (3) years prior to this lawsuit through the date of trial;

g. Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

h. Award Plaintiffs and all putative collective members punitive damages;

i. Award Plaintiffs and all putative collective members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

j. Grant Plaintiffs and all putative collective members all such further relief as the Court deems just and appropriate.

### VII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully Submitted,

*/s/ Timothy A. Steadman*
Timothy A. Steadman, ABN 2009113
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043
tim@johnholleman.net
*Attorney for Plaintiffs*